ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA        :     **INDICTMENT**

    - v. -                     :     **UNDER SEAL**

AMIR ABBAS TAMIMI,              :     S1 12 Cr. 615

          Defendant.       :

------------------------------x

### COUNT ONE

(Conspiracy to Violate the International
Emergency Economic Powers Act ("IEEPA"))

The Grand Jury charges:

1.  From at least in or about November 2011, up to and including the present, AMIR ABBAS TAMIMI, the defendant, and others, known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1705 of Title 50, United States Code, and Title 31, Code of Federal Regulations, Sections 560.203 and 560.204.

2.  It was a part and an object of the conspiracy that AMIR ABBAS TAMIMI, the defendant, and others known and unknown, willfully and knowingly, would and did export, cause to be exported, attempt to export, sell, and supply, directly and indirectly, from the United States to Iran, goods, technology, and services, to wit, shipping industrial and other items, including but not limited to components for a particular helicopter that has military applications (specifically, for reconnaissance, tactical insertion, and as a missile platform),

from the United States to Iran, via South Korea, without obtaining the required approval of the Office of Foreign Assets Control ("OFAC"), within the United States Department of Treasury, in violation of 31 C.F.R. §§ 560.203 and 560.204.

3. At all relevant times to this Indictment, AMIR ABBAS TAMIMI, the defendant, was an Iranian citizen who lived in Iran.

Overt Act

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about February 13, 2012, AMIR ABBAS TAMIMI, the defendant, sent an e-mail relating to helicopter component parts he sought to export from the United States to Iran.

(Title 50, United States Code, Section 1705.)

COUNT TWO

(IEEPA)

The Grand Jury further charges:

5. From at least in or about November 2011 to the present, AMIR ABBAS TAMIMI, the defendant, in the Southern District of New York and elsewhere, willfully and knowingly, did export, cause to be exported, and did attempt to export and cause to be exported and sell and supply, directly and indirectly, from

2

the United States to Iran, goods, technology, and services, to wit, TAMIMI attempted to ship industrial and other items, including but not limited to components for a particular helicopter that has military applications (specifically, for reconnaissance, tactical insertion, and as a missile platform), from the United States to Iran, via South Korea, without obtaining the required approval from OFAC.

(Title 18, United States Code, Section 2;
Title 50, United States Code, Section 1705;
Title 31, Code of Federal Regulations, Sections 560.203, 560.204.)

## Forfeiture Allegation

6.   As a result of committing the offenses charged in Counts One and Two of this Indictment, AMIR ABBAS TAMIMI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

## Substitute Assets Provision

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)   cannot be located upon the exercise of due diligence;

    (2)   has been transferred or sold to, or deposited

3

        with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461.)

_____
FOREPERSON

Aug. 14, 2012

_____
PREET BHARARA
United States Attorney

*United States District Court*

SOUTHERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

vs.

AMIR ABBAS TAMIMI

Defendant.

# INDICTMENT

12 Cr.

(In Violation of Title 18, United States Code, Section 1705)
(In Violation of Title 18, United States Code, Section 2)
(In Violation of Title 31, Code of Federal Regulation, Sections 560.203, 560.204)

PREET BHARARA

United States Attorney.

A TRUE BILL

Foreperson.

8/14/12  Fld Indictment under seal, A/w issued

Pitman, USMJ