```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

            v.                          12 Cr. 615 (JPO)

AMIR ABBAS TAMIMI,
                                        Conference
                Defendant.

------------------------------x

                                        New York, N.Y.
                                        April 3, 2013
                                        9:40 a.m.

Before:

        HON. J. PAUL OETKEN

                                        District Judge


        APPEARANCES


PREET BHARARA
     United States Attorney for the
     Southern District of New York
JASON HALPERIN
     Assistant United States Attorneys


SAEID B. AMINI
JUDITH VARGAS
     Attorneys for Defendant


NAMAD SHIRAZI
     Interpreter (Farsi)
```

1           (Case called)
2           THE CLERK:  Starting with the government, can I have
3  counsel state their appearance for the record, please.
4           MR. HALPERIN:  Good morning, your Honor.  Jason
5  Halperin for the government.  With me at counsel table is FBI
6  Special Agent David Balint.
7           THE COURT:  Good morning.
8           THE CLERK:  Ms. Vargas.
9           MS. VARGAS:  Good morning, your Honor.  Judith Vargas
10 on behalf of Mr. Tamimi.
11          MR. AMINI:  Good morning, your Honor.  Saied Amini.  I
12 filed my appearance and am here appearing before your Honor.
13          THE COURT:  You were retained by the defendant, is
14 that right?
15          MR. AMINI:  Yes.  The family contacted me, the wife
16 and his brother.
17          THE COURT:  Great.  You filed your appearance?
18          MR. AMINI:  Yes, I have.
19          THE COURT:  Ms. Vargas, you were CJA appointed, right?
20          MS. VARGAS:  Yes, your Honor.
21          THE COURT:  You are hereby relieved of your duty as
22 CJA attorney.  The Court thanks you.
23          MS. VARGAS:  Thank you, your Honor.
24          THE COURT:  Mr. Amini, you will now be counsel for the
25 defendant, is that right?

1     MR. AMINI:  Yes, your Honor.

2     THE COURT:  Have you provided the file yet?

3     MR. HALPERIN:  Judge, the government had asked Ms.
4  Vargas to wait until we appeared in court so we could allow Mr.
5  Amini to officially come into the case.  As the Court knows,
6  Mr. Amini needs to agree to the terms of the protective order
7  before continuing with the case.  We would ask that the Court
8  inquire of Mr. Amini.

9     THE COURT:  You are aware that there is a protective
10 order, Mr. Amini?

11    MR. AMINI:  Yes, your Honor.  I notice that this was
12 signed before the case was sealed.  Now that it is unsealed, I
13 want to make sure the terms are going to stay the same.

14    THE COURT:  Is there any change in the terms?

15    MR. HALPERIN:  No, there is no change in the terms,
16 Judge.  In terms of the sealing, though, the protective order
17 is under seal.  The indictment has been unsealed, but Ms.
18 Vargas has been asking for the past few court conferences for
19 the transcript to be sealed.  We are still kind of in a middle
20 region.  I think at this point the government really takes no
21 position on sealing.  I don't know if defense counsel has any
22 position on it.

23    THE COURT:  Some of the transcripts have been sealed
24 based on what's been discussed in court, but the indictment is
25 not under seal.

1    MR. AMINI:  If it is not under seal, if it is not
2 necessary, they don't need to be sealed.  That is my position.
3 If it needs to be sealed, that is fine.
4    THE COURT:  It is not as though the case is under
5 seal, but aspects of it are.  Ms. Vargas had asked for certain
6 proceedings, the transcript, to be sealed.  I guess we will
7 take that on a case-by-case basis.  In any event, you will need
8 to sign the protective order in order to get the materials.
9    MR. AMINI:  I have no problem.  I agree with the
10 protective order.
11    THE COURT:  Subject to that, Ms. Vargas will provide
12 the file.
13    MS. VARGAS:  Yes, your Honor.
14    MR. HALPERIN:  Actually, Judge, to clarify, your Honor
15 is the only signatory on the protective order.  I just wanted
16 to make sure Mr. Amini said he would abide by the terms, and he
17 said he would.  We now have no objection to Ms. Vargas
18 providing the materials.
19    THE COURT:  Thank you for the clarification.  The
20 materials will be provided and you will have a chance to review
21 the file and materials produced in discovery.  Has all the
22 discovery been produced, Mr. Halperin?
23    MR. HALPERIN:  Yes, your Honor, all the Rule 16.
24 There is some non-Rule 16 that we are producing, and we are in
25 the process of.  It will probably be produced this week.  But

1   all the Rule 16 has.

2          THE COURT:  You will need a chance to review it and
3   then decide whether there are going to be any motions to file.
4   We will either set a motion schedule at the next conference or
5   we will just set a trial date if there is no disposition in the
6   case.

7          How much time do you think it would be appropriate for
8   you to take to review everything and make a decision as to any
9   motions or disposition or however else we will move forward?

10          MR. AMINI:  Your Honor, my client is in custody.  Has
11   he signed the waiver of his speedy trial?

12          THE COURT:  In the past we have had a waiver.  I have
13   excluded time under the Speedy Trial Act up to today, I
14   believe.

15          MR. HALPERIN:  Correct, your Honor.

16          THE COURT:  In the interests of justice.  But as of
17   today, unless I exclude time again, the Speedy Trial Act will
18   be running.

19          MR. HALPERIN:  At each conference, as the Court just
20   noted, defense counsel and her client have agreed to exclude
21   time under the Speedy Trial Act until the next conference.

22          THE COURT:  Right.  In the past time has been
23   excluded, so it has not been running.

24          MR. AMINI:  Your Honor, can we have the end of May for
25   filing motions.

1     MR. HALPERIN:  Judge, may I have a moment to confer
2  with counsel?
3     THE COURT:  Sure.
4     (Counsel conferred.)
5     MR. HALPERIN:  Thank you, your Honor.  I have had a
6  chance to consult with Mr. Amini.  I think what we are going to
7  propose to the Court is that we come back before your Honor in
8  late May, which will give Mr. Amini, who is brand new to the
9  case, ample time to review all the discovery, for us to have
10  discussions, continue some of the discussions that the
11  government has been having with Ms. Vargas.  If there are going
12  to be motions, if we are going to go down that path, I think
13  Mr. Amini will be in a position to advise the Court at that
14  point.
15     THE COURT:  Mr. Amini?
16     MR. AMINI:  That's fine, yes.
17     THE COURT:  We will set a date to come back the last
18  couple of weeks in May.  At that point we will set a schedule
19  for any motions or report on the status of anything else in the
20  case.  Is that all?
21     MR. AMINI:  OK, your Honor.
22     THE CLERK:  I'm look at May 23rd, a Thursday, 10 a.m.
23     MR. HALPERIN:  That works for the government.
24     MR. AMINI:  9:30 in the morning?
25     THE CLERK:  Because of the problem with bringing Mr.

1    Tamimi here that early, I have been asked by the marshals
2    service to do it a little later, possibly 10:00.
3                MR. AMINI:  10:00 is good.
4                THE CLERK:  May 23rd at 10 a.m.  It's a Thursday.
5                THE COURT:  The next conference will be Thursday, May
6    23rd, 10 o'clock a.m.  At that point I'll get an update from
7    the parties with respect to whether they anticipate filing any
8    motions, whether there is any disposition in the matter,
9    expected disposition in the matter.  If there is not, if the
10   answer is no to both of those, then we will set a trial date.
11               MR. AMINI:  Your Honor, my office is in Washington,
12   D.C.  Are those going to be mailed to me?  Since I'm in New
13   York City, I can pick it up today, the discovery that former
14   counsel has.
15               THE COURT:  You can work that out.  I assume you can
16   work that out between the two of you.
17               MR. AMINI:  Thank you, your Honor.
18               THE COURT:  Mr. Tamimi, did you want to say something
19   with respect to Ms. Vargas?
20               THE DEFENDANT:  (Through the interpreter)  I wanted to
21   thank her for all her services.  She did work hard for me.
22   Thank you.
23               THE COURT:  Thank you very much.
24               Is there anything else for today?
25               MR. HALPERIN:  Yes, your Honor.  One administrative

1  housekeeping matter.  I'd like to hand up a proposed one-
2  paragraph order to the Court that I sent to the parties the
3  other day.  The Bureau of Prisons has been housing Mr. Tamimi
4  under the name Patrick Abbas, which is obviously not his true
5  name.  It's not an alias.
6        We have asked the Bureau of Prisons to change it so he
7  is housed under his true name.  They said they need an order
8  from the Court in order to do that.  We wanted to have him
9  listed under his true name as opposed to this kind of alias
10 that the Bureau of Prisons assigned to him when he first came
11 in.
12        THE COURT:  Is that OK with the defendant?
13        MR. AMINI:  No objection, your Honor.
14        THE COURT:  OK.  I will sign this order.  Do you need
15 copies of it or is that OK?
16        MR. HALPERIN:  I'll get a copy from Mr. Skolnik.  Your
17 Honor, finally, the government would ask for time to be
18 excluded in the interests of justice from now until May 23rd in
19 order for new counsel to review the voluminous discovery and
20 for the parties to engage in discussions.
21        THE COURT:  Is there any objection?
22        MR. AMINI:  No, your Honor.
23        THE COURT:  I find that the ends of justice served by
24 excluding time under the Speedy Trial Act as requested outweigh
25 the best interests of the public and the defendant in a speedy

(212) 805-0300

1  trial based on the time needed for review of discovery by new
2  defense counsel and also for the parties to consider possible
3  deposition of the matter and also to consider the anticipated
4  motions to be filed, if any.  Accordingly, time is excluded
5  under 18 U.S.C. 3161(h)(7)(A) from today's date to May 23,
6  2013.  I'll see you all then.
7            Is there any reason to seal either minute entry?  In
8  the past the minute entries as well as the transcripts have
9  been under seal.  Is there any reason to seal this?
10           MR. HALPERIN:  Going forward, not from the
11  government's perspective, your Honor.
12           MR. AMINI:  No, your Honor.
13           THE COURT:  So this will not be under seal.
14           MR. HALPERIN:  Thank you, your Honor.
15           THE COURT:  Thank you, ladies and gentlemen.  I'll see
16 you May 23rd.
17           (Adjourned)