```
Dai1tamc
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4              v.                          12-CR-615 (JPO)
5  AMIR ABBAS TAMIMI,
6              Defendant.                  Conference
7  ------------------------------x
8                                          New York, N.Y.
                                           October 18, 2013
9                                          10:44 a.m.
10
   Before:
11
                    HON. J. PAUL OETKEN,
12
                                           District Judge
13
14                       APPEARANCES
15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   JASON P.W. HALPERIN
17 ANDREA L. SURRATT
        Assistant United States Attorneys
18
   SAEID B. AMINI, ESQ.
19      Attorney for Defendant
20 ALSO PRESENT:  MICHAEL FISHER, U.S. Probation Officer
21 ALSO PRESENT:  NAMAD SHIRAZI, Interpreter
22
23
24
25

Dai1tamc

1            (In open court; case called)
2            THE CLERK:  Starting with the government, can I have
3    counsel state their appearances for the record, please.
4            MR. HALPERIN:  Good morning, your Honor.  Jason
5    Halperin and Andrea Surratt for the government.
6            THE COURT:  Good morning.
7            MR. AMINI:  Saeid Amini for the defendant Amir Abbas
8    Tamimi.
9            THE COURT:  Good morning, everyone.
10           We need to swear the interpreter.
11           (Interpreter sworn)
12           THE CLERK:  Thank you.
13           THE COURT:  Okay.  Welcome, everyone.  This was
14   originally the date set for sentencing in this case, and we do
15   have a presentence report that was submitted to the parties,
16   and defendant's counsel has submitted his sentencing
17   memorandum.
18           One issue that came up, the government has asked for
19   some additional time to complete its sentencing submission,
20   which I'm allowing them the time they need to do.
21           Another issue that has come up is the presentence
22   report that was issued contains some information, apparently
23   through misunderstanding or something, because there's some
24   information that should have been under seal in the presentence
25   report document.  So I wanted to just sort of explain the

1    situation, and I think what we need to do is have a new version
2    of the presentence report prepared that simply redacts the
3    information that was under seal.  Is that right?  Is that
4    accurate, Mr. Halperin?
5              MR. HALPERIN:  Yeah, I think -- yes, your Honor.  I
6    think it should actually just delete the information and a
7    whole new report should be -- whole new presentence report
8    should be issued.
9              THE COURT:  Okay.  And have you had a chance to
10   discuss with probation what exactly needs to be removed?
11             MR. HALPERIN:  We have, your Honor.
12             THE COURT:  Okay.  And they'll be able to produce
13   that?
14             MR. HALPERIN:  Yes, and the probation officer is here
15   in the courtroom, and he said that the probation office will be
16   able to produce a new report.  And pursuant to the court's
17   order -- and we'll just put on the record that the court
18   ordered that all parties destroy all previous versions, either
19   electronic or hard copy, of the prior version of the PSR.
20             THE COURT:  Okay.  Do you understand the situation,
21   Mr. Amini?
22             MR. AMINI:  No, your Honor.  Actually, we are very
23   disappointed.  The report has been out for a month, and the
24   previous order of July, government had one way.  After our
25   submission of the sentencing, we have to file a brief.  Now

Dai1tamc

1   previous, after our filing, still they have not filed.  This is
2   a change -- a change of event that's confusing for us.  I don't
3   believe anything was on the report was sealed.  This case is
4   unsealed.  And just two days before sentencing, government
5   comes back and tells us something without any justification and
6   saying they are going to get a new report that's just going to
7   prolong the whole issue.  This was set for expedited sentencing
8   report back in July, and now this is going to push back quite a
9   bit.  Based on you all the cases we have that we submitted to
10  you, your Honor, we don't believe this case should be more than
11  one year, one day sentence, and my client been in prison more
12  than a year already, and for one, it is just not fair for my
13  client.  And the government really has no excuse to ask us for
14  extra time.  They had one month after the presentence report,
15  and they had three weeks after my filing to come and say, we
16  need more time.  What is their reason for asking for more time?
17            THE COURT:  Mr. Halperin?
18            MR. HALPERIN:  Your Honor, I think Mr. Amini is
19  confusing issues, and he's getting into an argument about the
20  government's request for an adjournment, which obviously he
21  opposes.  We've put forth our reasons for that.  The issue
22  about the PSR is a separate issue.  I can't get into anything
23  more about that in this forum.  But I think Mr. Amini is
24  confused about the reason why the PSR needs to be reissued and
25  so I think that's part of what's driving this.  We are asking

1   for a very short adjournment.  It's our first request for an
2   adjournment.  I think the court's deputy has indicated that the
3   court might have availability next week, so we're not talking
4   about a long adjournment.  I don't see how anyone's going to be
5   prejudiced.  As I've said previously, the government intends to
6   present a submission probably by the end of the day today, in
7   which we argue very strenuously for a guideline range sentence.
8   So --
9            THE COURT:  So you disagree with the year and a day
10  position that probation took.
11           MR. HALPERIN:  Strenuously, and in fact, Judge, I'll
12  put on the record, as our submission says, we intend to ask
13  probation, and probation supervisors, to reconsider their
14  recommendation to the court, which we realize is nonbinding,
15  but there have been cases in the past in unusual circumstances
16  where we think it's appropriate to ask probation to reconsider
17  once they've seen the government's full submission, and so I
18  just want to put that on the record and be totally candid about
19  that, that we intend to ask probation to reconsider their
20  recommendation to the court as well.
21           THE COURT:  But to be clear, the need for additional
22  time is not related to the PSR issue.  It's just a separate --
23           MR. HALPERIN:  That's correct, your Honor, and counsel
24  filed -- the PSR came out I think on September 23rd, counsel
25  filed his motion on September 29th.  It was a full and

1   detailed motion -- or sentencing submission, with lots of
2   exhibits.  The government felt that there were many things that
3   needed to be responded to, both in terms of the factual
4   narrative and in terms of the legal representations or, in our
5   view, misrepresentations that were contained, and so we wanted
6   to make sure the court had our full comprehensive submission in
7   advance of sentencing.  We apologize for having to ask for the
8   adjournment.  Again, it's a brief adjournment, and it's our
9   first request, but I think that's where things stand.
10          THE COURT:  Okay.  Mr. Amini, I mean, the one thing
11  I'll say on the issue of the PSR is, it is true, because I know
12  there is information in there, not related to Mr. Tamimi, that
13  should not be in the presentence report because it's under
14  seal.
15          MR. AMINI:  Your Honor, I just thought the timing is
16  where I'm confused.  The report has been out.  The cat is out
17  of the bag.  We all know -- we read it, and I incorporated it
18  in my brief.  After one month they come and say, well, there's
19  a problem with it.  Why this was not caught before?
20          And also, on the government's brief, they had three
21  weeks.  Why they have to raise for the last two days before the
22  sentencing hearing to come and ask for continuance?  Or
23  adjournment?  They could have just said, well, your Honor, can
24  you give us extra week or two.  They waited for long, long
25  time, two days before the sentencing, come back and ask for

Dai1tamc

1  continuance?  This is just not fair for defendant.  The rules
2  apparently is different for the government than for the
3  defendants and for defense counsel.  It just -- they're getting
4  whatever they want without any reason, without any
5  justification.
6           MR. HALPERIN:  Judge, I think that's really unfair
7  and, frankly, a little silly.  We're not asking for any special
8  treatment.  As we said, this was our first request for an
9  adjournment.  We're asking for only a brief adjournment.  And
10 we, as -- we only noticed this issue in the PSR earlier this
11 week, so that's when -- that's how that issue came about.
12          THE COURT:  Okay.  Well, we are where we are.
13 Unfortunately we're going to have to do a brief adjournment
14 because I need additional time to understand the issues.  And
15 will the government be able to submit tonight, you think?
16          MR. HALPERIN:  Yes, your Honor, definitely.
17          THE COURT:  Okay.  So I think we'll need to do an
18 adjournment.  I'm going to make it as brief as possible.  To
19 next week.
20          MR. AMINI:  Your Honor, then I need more time to see
21 the PSR.  I may file objection for it.  I may have to revise my
22 brief according to what the PSR is going to say, because I did
23 not include some other things I would have include if I had
24 something else in the PSR.  That's why it's not fair for my
25 client just go for sentencing without seeing the PSR.  I don't

1  know what it's going to be.  And I just have to revise it, your
2  Honor, and then I need time to revise mine and include maybe 20
3  different other cases, Justice Department itself published, and
4  I provided part of the exhibit to include with my brief.  So I
5  need more time.
6          MR. HALPERIN:  Judge, my understanding is that the
7  substance of the PSR is not going to change as it relates to
8  Mr. Tamimi, and if I could ask the court to direct probation to
9  issue their revised PSR today so there's no further delay, the
10 government is ready to do the sentencing any time next week
11 that works for the court and that works for defense counsel.
12 If defense counsel feels like he wants more time after the
13 government, you know, files its submission, we have no
14 objection to that, but we're willing to go as quickly as he
15 can.
16         THE COURT:  Well, let me ask Mr. Fisher, Michael
17 Fisher, who's here, the probation officer, would it be possible
18 to do a revised version of the report later today?
19         MR. FISHER:  Yes, your Honor, that's possible.  We
20 just ask that the court direct some specificity as to which
21 language in the presentence report was sealed that we can
22 redact.
23         THE COURT:  Should I do that on the record or --
24         MR. HALPERIN:  No, your Honor.
25         THE COURT:  Okay.  I don't think it's going to be a

1   significant change to the report, and the government will
2   specify the exact change.  As I understand it, there's not
3   going to be any change in the narrative or discussion of the
4   offense or anything that should affect the --
5            MR. HALPERIN:  I think, Judge, if I may.
6            THE COURT:  -- report.
7            MR. HALPERIN:  Sorry.
8            THE COURT:  Yes.
9            MR. HALPERIN:  What I might suggest is that the
10  government can send an e-mail to Mr. Fisher, cc'g the court,
11  the court's deputy, and that way we'll have a record of the
12  change pursuant to the court's order.
13           THE COURT:  Okay.
14           MR. HALPERIN:  If that works for the court.
15           MR. AMINI:  Your Honor, couldn't they have just
16  objected to the report, just like the defendant does, instead
17  of going back door?  I haven't seen the copy of the e-mail
18  communicating with the probation office, with the court,
19  without my knowledge?
20           MR. HALPERIN:  We couldn't, your Honor, because I
21  think as the court knows, the nature of the redaction could not
22  have been made through a -- the formal or the usual objection
23  process to the PSR.
24           THE COURT:  I think that's right.  Has your client
25  seen the current copy of the PSR?

Dai1tamc

1    MR. AMINI:  Yes, your Honor.  It's been out for a
2    month, your Honor.
3             THE COURT:  Right.  I understand.
4             MR. AMINI:  And I asked him to destroy it after the
5    order, but again, in my brief also I include.  I mean, I cannot
6    just delete the knowledge I have in my brain.
7             MR. HALPERIN:  And again, just to reiterate, I think,
8    I do -- I am sympathetic because I understand that Mr. Amini is
9    operating without the full understanding of what the change is,
10   and for reasons that we can't get into here, he can't know and
11   his client can't fully understand what the rationale was, but
12   again, it is not a substantive redaction that has anything to
13   do with his client.  I do not believe in any way that it would
14   affect the substance of his presentencing submission to this
15   court.
16            THE COURT:  So you're not going to ask for a different
17   sentencing recommendation at this point, given the timing from
18   probation?
19            MR. HALPERIN:  Your Honor, our plan was to do that.
20   If the court doesn't want us to, we certainly won't, because I
21   don't want to slow things down.  But I think there are two
22   separate issues.  I think the -- I think the revised PSR can be
23   issued today with the change that the court has already
24   ordered.  Our plan was then to file probably this evening our
25   sentencing submission and at the same time send an e-mail to

probation asking them to reconsider their recommendation, so I think that's two separate issues.  Probation's either going to say we're not going to reconsider or we will reconsider, and if they do, that's just going to be a change in the recommendation.  I don't think that's going to change their long description about the offense conduct, the defendant's personal history, his family history, anything substantive.  It's just going to be a question of how the parties frame their arguments to the court about sentencing next week when we have the sentencing proceeding.

        MR. AMINI:  Your Honor, may I?

        THE COURT:  Sure.

        MR. AMINI:  If they don't change the recommendation and they can just object just like I objected, then other redactions may be fine, but asking them to really change their recommendation through the back door, that's what I object.

        THE COURT:  Okay.  If the government's asking for a change in the recommendation, why don't we do that as a separate matter.

        MR. AMINI:  Exactly, your Honor.

        THE COURT:  And then probation can either show up at sentencing with a revised recommendation or come with an oral presentation at sentencing as to what their revised recommendation is, and then at that point, if the defendant would like additional time, we'll address that.  If the

Dai1tamc

1   defendant would like to proceed with sentencing next week, then
2   we'll determine whether it's appropriate to give additional
3   time.
4           MR. HALPERIN:  That's fine, your Honor.
5           THE COURT:  Is that okay?  Shall we set a date?
6           MR. AMINI:  Yes, your Honor.  If you allow me just two
7   days after their submission to maybe revise mine, it probably
8   is not going to be much of a revision, but I don't know what
9   it's going to be.  I just want to make sure I have two days to
10  revise it if the --
11          THE COURT:  I don't think you'll need to revise
12  anything, based on this minor redaction.
13          MR. AMINI:  Next Friday for sentencing, I can come
14  back to New York, and again, if your Honor allow me like by
15  Wednesday, I will file maybe just supplemental, say what I am
16  adding, if your Honor allows me, so I won't mix it with what I
17  have submitted, to cause confusion, just add as a supplemental,
18  if any?
19          THE COURT:  Would you want to do it earlier?  I mean,
20  would you be able to do Tuesday or --
21          MR. AMINI:  Your Honor, I have a big case in which I
22  have Monday as a deadline for filing, and I have a case in
23  Washington, DC, I have a deadline for filing on Tuesday.  So I
24  want to be able -- if I can file by Wednesday noon, I can
25  e-mail it to the chambers.

Dai1tamc

1              THE COURT:  Yes.

2              MR. HALPERIN:  Judge, obviously whatever the court can

3     do is most important.  In terms of the government's schedule,

4     we could do any time next Thursday the 24th or the morning of

5     the 25th, if it works for the court and counsel.

6              THE COURT:  Mr. Amini?

7              MR. AMINI:  I apologize, your Honor.  I'm getting my

8     book out.

9              THE COURT:  No problem.  I'm old school.  I don't have

10    those tablets.

11             Yes.

12             MR. AMINI:  25th, the morning is fine.

13             THE COURT:  Would you prefer the 25th to the 24th?

14             MR. AMINI:  24th I can't do, your Honor.  I teach in

15    the afternoon and it's just hard for me to get back.

16             THE COURT:  Would the morning of the 25th be okay?

17             MR. HALPERIN:  Yes, your Honor.

18             THE COURT:  Okay.  Could we do 10:00 on Friday, the

19    25th?

20             MR. AMINI:  That's fine.

21             THE COURT:  That gives you enough time to come up?

22             MR. AMINI:  Yes, your Honor.

23             THE COURT:  Okay.  So we'll schedule sentencing for

24    Friday, the 25th, a week from today in this courtroom.

25             And also, the probation specification you mentioned,

Dai1tamc

1    in addition to copying Mr. Skolnik, if you'd copy the chambers
2    e-mail address so that I can get everything as soon as possible
3    over the weekend.  Do you all know my chambers e-mail address?
4            MR. AMINI:  No.  I will get it, your Honor,
5    afterwards.
6            THE COURT:  Any sentencing submissions and any other
7    correspondence with the court, a courtesy copy, that would be
8    great.
9            Okay.  Anything else we need to address today?
10           MR. HALPERIN:  Not from the government, your Honor.
11           MR. AMINI:  No, your Honor.  Thank you.
12           THE COURT:  Okay.  Thank you.  See you next Friday.
13           MR. AMINI:  Thank you, your Honor.
14           MR. HALPERIN:  Thank you.
15                                o0o
16
17
18
19
20
21
22
23
24
25